IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| **Kelly Brooke Martin,** | ) | C/A No.   3:21-3388-JFA |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | |
| | ) | **COMPLAINT** |
| **Alvin Keith Harry and Combined Transport, Inc.,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Now comes the Plaintiff, above-named, complaining of the Defendants, above-named, and does allege and show unto this honorable Court as follows:

1. Plaintiff Kelly Brooke Martin (hereinafter referred to as "Plaintiff") is a citizen and resident of Lexington County, South Carolina.

2. Upon information and belief, Defendant Alvin Keith Harry (hereinafter referred to as "Defendant driver") is a citizen and resident of the State of Florida and is believed to have been involved in the collision giving rise to this litigation.

3. Upon information and belief, Defendant Combined Transport, Inc. is an entity organized under the laws of the State of Oregon, which owned the vehicle driven by the Defendant driver at the time of the collision giving rise to this lawsuit.

4. The accident giving rise to this litigation occurred in Lexington County, South Carolina.

5. Diversity exists pursuant to 28 U.S. Code § 1332 and venue is proper pursuant to 28 U.S. Code § 1391.

6. The Court has subject matter jurisdiction over this matter and *in personam* jurisdiction over the parties.

7. On or about February 19, 2020, Plaintiff was operating a motor vehicle on US 21/Charleston Highway in Lexington County, South Carolina.

8. At approximately the same time, the Defendant driver was operating a tractor and trailer owned by Defendant Combined Transport, Inc. when he suddenly and without warning pulled out of a private driveway in front of Plaintiff's oncoming vehicle, causing a violent collision between the two vehicles.

9. At the time of the collision, the Defendant driver was acting as an agent and/or employee of Defendant Combined Transport, Inc. and was acting within the scope of his agency and/or employment with Defendant Combined Transport, Inc.

10. The Defendant driver, who was driving carelessly, recklessly and/or inattentively, failed to yield the right of way, failed to apply the vehicle's brakes, and/or failed to take reasonable action to avoid the collision.

11. The Defendant driver owed a duty to the members of the community, including in particular the Plaintiff, to observe traffic signals and to maintain a proper lookout for other vehicles on the roadway.

12. The Defendant driver owed a duty to the members of the community, including in particular the Plaintiff, to operate his vehicle in safe manner.

13. The collision caused serious bodily injury to Plaintiff.

14. As a result of this accident the Plaintiff has incurred and will continue to incur substantial medical expenses, loss of enjoyment of life, pain and suffering, future impairment, property damage and lost wages.

## FOR A FIRST CAUSE OF ACTION
### (Negligence, Gross Negligence, and Recklessness)

15. Plaintiff re-alleges the allegations of the foregoing Paragraphs as if restated verbatim.

16. The Plaintiff would show that at the times and places above mentioned that Defendant driver was willful, wanton, careless, negligent, grossly negligent, and reckless in the following particulars:

    a. In failing to keep a proper lookout;

    b. In failing to see or observe things which a reasonable person should see;

    c. In failing to maintain reasonable vigilance and anticipate others use of the roadway;

    d. In failing to appropriately apply the vehicle's brakes or otherwise stop or move the vehicle;

    e. In failing to yield the right of way;

    f. In failing to sound the vehicle's horn;

    g. In driving the vehicle in a careless and heedless fashion on the roadway so as to endanger other persons or property;

    h. In failing to abide by applicable statutes, rules and regulations;

    i. In operating a vehicle at an improper speed;

    j. In operating a vehicle without adequate lighting or reflectors;

    k. In such other and further ways as discovery may reveal.

17. That the above acts and omissions were the direct and proximate cause of the injuries and damages sustained by the Plaintiff herein, the said acts and omissions being in

4

violation of the common and statutory law of the state of South Carolina and such other law as may apply.

18. As a result of the Defendant driver's conduct enumerated above, the Plaintiff is entitled to actual and punitive damages for physical injury, pain and suffering, mental anguish, lost wages, and other matters caused by the same, in an amount to be determined at the trial of this action.

## **FOR A SECOND CAUSE OF ACTION**
**(Negligence Per Se)**

19. Plaintiff re-alleges the allegations of the foregoing Paragraphs as if restated verbatim.

20. The Defendant driver had a duty under S.C. Code § 56-5-10, et. seq. to obey the traffic laws at the location where this accident occurred.

21. Defendant breached that duty on or about May 21, 2019 in the following particulars:

   a. In driving recklessly (S.C. Code § 56-5-2920);

   b. In failing to yield the right of way (S.C. Code §§ 56-5-2310; -2320; and/or -2350);

   c. And in such other particulars as discovery may reveal.

22. Defendant driver's breach of the duties imposed by law resulted in injury to Plaintiff as set forth herein.

23. S.C. Code § 56-5-10, et. seq. and the particular code sections cited above are intended to protect persons similarly situated to the Plaintiff from the type of harm suffered as a result of Defendant driver's acts or omissions.

24. Defendant driver's breach of these statutory duties caused Plaintiff to sustain serious harms, losses, and damages, outlined in the preceding paragraphs, and incorporated into this cause of action.

25. As a result of the Defendant driver's conduct enumerated above, Plaintiff is entitled to actual and punitive damages for physical injury, pain and suffering, mental anguish, lost wages, property damage and other matters caused by the same, in an amount to be determined at the trial of this action.

26. Plaintiff is also entitled to punitive damages based on Defendant driver's reckless, willful and wanton behavior outlined above.

## FOR A THIRD CAUSE OF ACTION
### (Negligent Entrustment as to Defendant Combined Transport, Inc.)

27. Plaintiff re-alleges the allegations of the foregoing Paragraphs as if restated verbatim.

28. Defendant Combined Transport, Inc. is the owner of the truck operated by the Defendant driver and Defendant Combined Transport, Inc. was in control of the subject truck and responsible for its use and entrusted said vehicle to the Defendant driver.

29. Defendant Combined Transport, Inc. was negligent, careless, reckless, willful, and wanton in entrusting said vehicle to the Defendant driver.

30. As the direct and proximate cause of the aforesaid negligence, carelessness, recklessness, willfulness, and wantonness of Defendant Combined Transport, Inc., Plaintiff was injured or damaged, causing her to incur medical expenses, past, present, and future, causing her shock, embarrassment and mental distress, causing her to experience pain and suffering, past, present, and future, all to the Plaintiff's actual and punitive damages in an amount to be determined by the trier of the facts.

## FOR A FOUTH CAUSE OF ACTION
### (Negligent Hiring, Training, and Supervision as to Defendant Combined Transport)

31. Plaintiff re-alleges the allegations of the foregoing Paragraphs as if restated verbatim.

32. At all times herein referenced, the Defendant driver was under the hire, training, control and supervision of Defendant Combined Transport.

33. At all relevant times herein referenced, Defendant Combined Transport, Inc. knew of or had reason to know of its employees and agents and had the ability and means to hire, train, control and supervise the conduct and actions of them.

34. Defendant Combined Transport, Inc. negligently, grossly negligently, carelessly, recklessly, willfully, and wantonly failed to properly hire, train, control and supervise the actions and conduct of the Defendant driver, in the following particulars, to wit:

 a. In failing to properly investigate the background of the Defendant driver before hiring;

 b. In failing to train and instruct the Defendant driver and its employees as to how to properly and safely operate a vehicle;

 c. In failing to remedy the improper conduct and actions of its employees; And

 d. In such and other ways as may be shown at trial.

35. As a direct and proximate result, Plaintiff suffered damage and harm and is informed and believes she is entitled to judgment against the Defendants for a sum of damages as to be determined by the triers of fact in this case.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants for all actual damages, special damages, consequential damages, and punitive damages in an amount to

7

be determined by the jury at the trial of this action, the costs and disbursements of this action and for such other and further relief as this court deems just and proper.

    The Plaintiff demands a jury trial.

Respectfully submitted,

*s/ Joseph O. Thickens*
J. Eric Cavanaugh, Fed ID No. 11190
Joseph O. Thickens, Fed ID No. 11732
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, South Carolina 29202
Tel: (803) 888-2200
Fax: (803) 888-2219
Eric@ctlawsc.com
Joe@ctlawsc.com

- AND –

E. Wayne Ridgeway, Jr., Fed ID No. 9233
Burriss and Ridgeway, P.C.
820 Gracern Rd.
Columbia, SC 29210
Tel: (803) 451-4000
wayne@burrisslaw.com

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina
October 15, 2021

8